# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## LAQUENTON MONGER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 3937**

---

**No. M2008-01203-CCA-R3-CO - Filed January 13, 2009**

---

The Appellant, Laquenton Monger, appeals the trial court's dismissal of his petition for habeas corpus relief. The Appellant fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ. joined.

Laquenton Monger, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Appellant was convicted of aggravated child abuse and second degree murder, for which he received concurrent twenty year sentences. The Appellant subsequently filed a petition which the trial court treated as one seeking habeas corpus relief. The Appellant alleged that his sentences were imposed in violation of his constitutional rights. The trial court disagreed and dismissed the petition without a hearing. The Appellant appealed, and the State has filed a motion to affirm pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, the State's motion is granted.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated Sections 29-21-101 et seq. codify the applicable procedures for seeking such a writ. However, the grounds upon which our law provides relief are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State,

995 S.W.2d 78, 83(Tenn. 1999). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." McLaney, 59 S.W.3d at 93. A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963). Unlike a post-conviction petition, the purpose of a habeas corpus petition is to contest a void, not merely voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

The gist of the Appellant's claim for habeas corpus relief is that the Tennessee Supreme Court's recent decision in State v. Gomez, 239 S.W.3d 733 (Tenn. 2007), established a new rule of constitutional law that applies to his case. In Cunningham v. California, 549 U.S.270 (2007) the United States Supreme Court, relying upon the principles discussed in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), reaffirmed the rule, "rooted in longstanding common-law practice," that the Sixth Amendment prohibits a state's sentencing scheme from allowing a judge to enhance a sentence based on a fact, other than a prior conviction, not found by a jury or otherwise admitted by the defendant. We are aware that our supreme court recently issued its opinion on remand from the United States Supreme Court in State v. Gomez. Although the court concluded that the trial court's enhancement of the defendants' sentences on the basis of judicially determined facts violated their Sixth Amendment rights, the issue was considered through a plain error analysis on the direct appeal of the defendants' convictions. However, this Court has held that Blakely -type claims garner no relief retroactively through attacks on collateral review. See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894 (Tenn. Crim. App., Dec. 21, 2004), perm. to app. denied, (Tenn., May 23, 2005). Similarly, the holding in Cunningham does not require retroactive application. See Billy Merle Meeks v. State, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486 (Tenn. Crim. App., Nov. 13, 2007), perm. to app. denied, (Tenn., Apr. 7, 2008). Moreover, as this Court held in Meeks, "even if Apprendi, Blakely, and Cunningham could be applied retroactively, it would render the judgment merely voidable, and not void, and therefore Petitioner's claims are not cognizable in a Tennessee state habeas corpus proceeding." Id.

To the extent the Appellant raises any issues for the first time on appeal, the Appellant has waived consideration by this Court. See, e.g., Charles Orlando Fields v. State, No. W2003-02051-CCA-R3-PC, 2004 WL 1405012 (Tenn. Crim. App., Jun. 23, 2004), perm. to app. denied, (Tenn., Dec. 20, 2004). Moreover, the Appellant is precluded by the principles of res judicata from re-litigating claims he presented in his previous habeas corpus petition. See, e.g., James Yates v. State, No. W2005-01047-CCA-R3-HC, 2005 WL 2759737 at*2 (Tenn. Crim. App., Oct. 25, 2005).

For the reasons stated above, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20.

_____
ROBERT W. WEDEMEYER, JUDGE

2